Thank you very much. Mr. Ruccoli, whenever you're up. Whenever you're ready, counsel. I'd like to begin by pointing out an argument which the appellees raised in their brief, which is not properly before this court. For instance, they argued as a way of holding the decision of the district court that we are barred by qualified immunity. I believe that qualified immunity is an affirmative defense, and in this case they did not file an answer. It is a pre-answer motion that they made, so the issue of qualified immunity did not come up and should not be entertained by this court. They also argued that they referred to the applicable standard when a motion to dismiss has been, a motion to amend has been denied. In this case, there was no motion to amend before the court. Before we had the opportunity, we did not oppose, albeit inadvertently. Before we got to opposition, the decision had come down. As soon as time was up, the decision came down without any notice that there would be a decision or that we should come in. What new facts would you allege in an amendment that would change the district court's mind here? Sorry? What new facts would you allege in an amended complaint? Well, it would be to specifically, for instance, where they said we did not use the word intentional. But even if you look at the portion repeated with regard to privacy, you look at it, it says, the point that I need to make is that the judge, the district court, imported the concept of carelessness, which relates to the negligence claim, into the constitutional privacy violation. But your complaint alleged that the e-mail was sent negligently, carelessly. Isn't that correct? That is with regard when we made three separate claims, three separate causes of action. One is constitutional violation of privacy. The other one is defamation. And then there is negligence. It is only in connection with the negligence claim that we used. I understand you have different legal claims, but I understood the factual allegation to be basically that the e-mail was sent by accident to the wrong person with the same name. Isn't that right? No. That they sent it. We did not say it was an accident because there has been no answer, so we don't know exactly why. So all we said is that she sent it out to somebody who shouldn't get it. And this is a case of... If you don't know exactly, then how could you amend the complaint to say that it was done deliberately or intentionally? Well, in the absence of something else, I mean, we are still at the pleading stage. We haven't gotten to taking evidence to look into balancing what was going on in the mind. We will just say, well, you get it out if you did. At least it's a voluntary act that you did in sending it out. And you should have. And in sending it out, you just broadcast this to including a co-worker. And we are not just dealing with any issue. We are dealing with the disciplinary records of this gentleman. And the argument that, well, if you reveal something that is personal, it doesn't necessarily... that Diaz did not know. I mean, Diaz did not put in any affidavit from which we could draw that inference. There is nothing in the record to show that Diaz did not know that she... Well, we're only at the first stage, so we're not at affidavits yet, right? Yes. Just to go back to Judge Park's question, what is it that you propose that you would add to an amended complaint that you have a good faith basis for believing? What would you put in? What's the additional language? Because I don't quite understand that. That Diaz intentionally sent out an e-mail which went to people who had... Intentionally means different things. It can mean she didn't accidentally hit the send button. But intentionally did what? Intentionally sent it to people who she knew did not have a right to read it? Correct. Okay. And what is your good faith basis for saying that you would put that in the complaint? Well, because the e-mail of the person that she sent it to is different from our own e-mail. No, no. But that could give rise to a negligence claim. What is your basis for saying that she did it knowing and purposely to somebody who didn't, as opposed to negligently? Well, there is nothing to show that she did it negligently either. There is absolutely nothing in the record to show that she...  If you have no earthly idea of why it happened... No, that's how it happened. ...then how do you allege that she did it in an unconstitutional manner? I guess that's what I'm asking. You can't just come in and say, well, we don't know. No, no. Maybe this was perfectly innocent. No, that's... Maybe it wasn't. We need discovery. You need to allege something that is the constitutional violation. I'm asking you, what is it that you would actually allege? Even in the record already, we allege that she sent this out to somebody who should not when, in fact, she should have known. And you're saying that's always enough? Sorry? And you're saying that's enough? I should know that it is enough, but I'm... You don't amend. Yeah. My first submission is that it is enough, but in the event it is not, that we are entitled to replead. That is what my position is, is that in the event that that is insufficient, we are entitled to replead. And repleading, I mean, is to be able to develop. Without repleading, we cannot develop evidence in that regard. So we need to replead so that we can go into discovery, at least at a minimum. It's not just enough for them to say, well, we didn't know it could be a constitutional violation. There is nothing in the record to suggest that Diaz could not know it was a constitutional violation to share this kind of very personal information that is damaging to this lady. I'm sorry, to this gentleman. And besides, they didn't even say, okay, well, to give some semblance of believability to their position, say, well, I have been sending this kind of thing out to everybody. If there's a disciplinary problem involving an employee, I send out an e-mail and it goes to people who are not entitled to get it. This wasn't information in the public domain. And it is information relating to allegations. There has been no hearing or finding of fault in this person at the time this was sent out. And yet you sent out, oh, theft of service, fraud, and all that to be read by people who had no business reading it. When the person doesn't know, those are the people's disciplinary issues with DOE. And then his own disciplinary issues is broadcast out there. The only reason we know of this person is because this person rejected it and then contacted him. There could be other people in there who we don't know until we do a discovery who may also have gotten this that are not entitled to. We're only able to know about this particular person because the person said, hey, this is what I got about you. Thank you, Counselor. You're reserved two minutes for rebuttal. Mr. Sinclair. May it please the Court, my name is Ian Sinclair. I'm an assistant corporation counsel with the New York City Law Department, and I'm representing appellees Ms. Diaz and the Department of Education. The district court correctly held that Brutus failed to state a plausible claim against Diaz or the city for violating his constitutional right to privacy for several basic reasons, which your Honors were indicating already. And the first is that the allegedly unconstitutional conduct, sending an email to the wrong person with the exact same name, comes nowhere near shocking the conscience. As your Honors were getting at, by Brutus's own assertion, Ms. Diaz's misdirected email wasn't even intentional. And as this Court held in O'Connor, mere negligence will never give rise to a substantive due process violation. And there's no reason to address Brutus's point. There's no reason to think that these were arguments in the alternative, because he never asserts any other facts that would suggest intentional conduct or much less malicious and egregious conduct. The second point is that Brutus fails to separately fails to state a claim because the right to privacy is predicated at its core on the right of each individual to a private enclave where they may lead a private life. And there's, from the little information we can glean from the complaint, this case turns on a public employee's conduct done in their public capacity. And there's little to suggest that a public employee's on-duty conduct is a disclosure of personal matters, as the Supreme Court described in Nixon v. Administrator for General Services and as this Court described in Berry v. New York. And either of those prongs is enough to affirm. To briefly address the issue of qualified immunity, qualified immunity was asserted in Apelli's motion to dismiss. And I'm not aware of not being able to assert that in a motion to dismiss. And Diaz would be entitled to qualified immunity because no reasonable person could have known that emailing another DOE employee not entitled to Brutus's performance review and appeal information would violate his constitutional rights. No case that I'm aware of turns on performance evaluations or, as it's described, purely work-related information. With one exception, which is a subpart of Nassivy-Nelson, every case deals with medical information, personal finances, or information about family. The exception and the one twist in Nassivy-Nelson being when they talk about open-ended questions that could get at any other parts of information. And then lastly, just to state that with respect to Diaz's, the claim against Diaz in her official capacity and the claim against DOE, the, Brutus never asserts or even indicates that any of this action was pursuant to a municipal policy or custom as Section 1983 requires for municipal defendants. And just to briefly touch base as my last point on the issue of granting leave, again, this Court has repeatedly made clear that not granting leave to amend is reviewed for abuse of discretion, and district courts cannot be said to have abused their discretion by failing to grant requests that were never made. Brutus has had at least four opportunities to flesh out the complaint. I would say a fifth was right now in front of this Court. He could have answered the motion to dismiss. He could have used the 21-day grace period to amend his complaint. He could have cross-moved to amend his complaint. He could have used his opening brief before this Court, and he could have submitted a reply brief. Each of these were opportunities to submit new allegations, new concrete facts that move beyond the — that are — move beyond a complaint that's devoid — otherwise devoid of factual enhancement. And if this Court has no questions, we'll rest our briefs. Thank you. We'll hear a rebuttal. I only have one brief rebuttal, and that relates to the issue of municipal policy. We are not pressing the claim in regard to that. We are not pressing the claim against the municipality itself, that is, DOE, but we are pressing that against D.S. We do not have to allege a policy to be able to reach D.S. in terms of liability. I just needed to make that point. Okay. Thank you both. We'll take the case under advisement.